PER CURIAM.
Affirmed.
This is an appeal from a final judgment of divorce. Appellant was plaintiff below, and appellee was defendant below. Suit went to trial on appellant’s amended complaint on the grounds of habitual use of narcotics by the appellee and specific grounds of cruelty, adultery, and habitual indulgence in a violent and ungovernable temper. Defendant-appellee counterclaimed for divorce, charging cruelty and adultery. The trial court found both parties guilty of marital misconduct, but found that appellee was entitled to divorce on the ground of extreme cruelty and entered a judgment therefor, denying alimony but awarding to appellant Three Thousand Dollars ($3,000.-00) for her interest in the joint property of the parties, to be paid in monthly installments of Two Hundred Fifty Dollars ($250.00) per month. The appellant was likewise awarded an attorney’s fee of Five Hundred Dollars ($500.00) to be paid in two (2) additional Two Hundred Fifty Dollar ($250.00) monthly installments.
Appellant has filed thirteen (13) assignments of error, which can be compressed into the seven (7) points on appeal mentioned in appellant’s brief. Points I, II, III, IV, and VI concern the weight of the evidence; Point V challenges the trial judge’s discretion in allowing installment payments; and Point VII raises the question of privilege under F.S.1967, Section 398.17, F.S.A.
We are of the opinion that all of the points raised concerning weight of the evidence really present a question of credibility of which the trial judge, as the trier of the fact, was entitled to make such determination as he saw fit. While we might not agree with this determination if we were the triers of the fact, there is sufficient evidence in the record to permit the trial judge to find as he did, and his findings shall not be disturbed.
There is no abuse of discretion, upon the state of this record, in permitting the sum awarded to the appellant to be paid in installments.
In the present state of the record, we are not in a position to determine whether the challenged testimony was privileged or not, under the Florida Statutes.
The record and briefs have been carefully considered, and no reversible error is found.
WALDEN, C. J., OWEN, J., and VANN, HAROLD R., Associate Judge, concur.